(No. 5365. June 18, 1930.)

MARYSVILLE DEVELOPMENT COMPANY, a Corporation, Appellant, v. MAX MAROTZ, Respondent.

[289 Pac. 72.]

A. H. Wilkie and Alvin Denman, for Appellant.

N. D. Jackson and James G. Gwinn, for Respondent.

BUDGE, J.—This is the second appeal in this cause. A detailed statement of the controversy appears in the opinion

of this court on the first appeal. (See 44 Ida. 469, 258 Pac. 180.)

The purpose of the action is to determine the amount due, if any, under a Carey Act water contract on lands owned by respondent. As developed at the first trial, the original contract was between predecessors of the parties hereto, and under its terms the purchaser was to pay $3,200 for 160 shares of water rights, one share to an acre of land, or $20 a share. When respondent acquired the land the purchase price of the water shares was rebated as to 10 acres, or $200, and he was credited with the payment of two instalments previously paid by his predecessors, and respondent thereafter made a number of payments on the contract. After he had ceased making payments this action was instituted by appellant, alleging there was a balance due of $1500 under the contract, praying judgment against respondent in that amount and for the foreclosure of the lien of the contract as a mortgage. The important portion of respondent's defense to the action was that it was agreed between appellant and himself that he should make payment for the water rights in proportion to the number of acres of the lands as were found, upon a survey thereof, to be reasonably and practically susceptible of irrigation from appellant's source of water supply and irrigation works; that only 88 acres of the 160 were so susceptible of irrigation, and, upon the basis mentioned, he had fully paid all that was due.

The trial court found there was an agreement and understanding between the parties that after the original rebate of $200 as to 10 acres of the land, the remaining amount should be subject to reduction and adjustment in proportion as such lands should, upon survey thereof, be found not susceptible of irrigation from the canal used by appellant to deliver its water, said lands to be surveyed by appellant; that said or any survey was not made by appellant, and only 88 acres of respondent's lands were susceptible of "practical" irrigation from appellant's source of water supply, and respondent had paid all that was due under the contract.

This court upheld the findings to the extent of there having been an understanding and agreement between the parties as aforesaid, but because of the uncertainty as to what the trial court meant when it used the term ''practical irrigation'' in finding that only 88 acres of respondent's lands are susceptible of practical irrigation from appellant's source of water supply, the judgment was reversed and the cause remanded. The question was left to be determined as to how much of respondent's lands were susceptible of irrigation from appellant's system without unreasonable or prohibitive expenditures on the part of respondent, where appellant had made water available therefor at a half-mile point from each quarter-section at a proper grade and level from which it could be taken by respondent and conducted to his lands under a gravity system. This court further observed that, while appellant had two laterals, the north and south, the finding of the trial court as to the number of acres of the entry susceptible of practical irrigation from appellant's source of supply assumed respondent's entry was to be irrigated from the north lateral alone, and the opinion of this court indicated consideration should be given to the question of whether a portion of the lands was susceptible of irrigation from the south lateral.

Upon trial of the cause a second time, the court found that of 108.3 acres of respondent's lands below the north lateral of appellant's system, 20 acres thereof are not susceptible of irrigation from said north lateral for the reason that they lie across a deep, wide swale from said lateral and consist of steep, uneven slopes, which would make the cost and upkeep of the means of conveying water from the north lateral to said 20 acres excessive, unreasonable and prohibitive. And it was further found that the north lateral is the only source of water supply that appellant or its predecessors have ever made available for the irrigation of any of respondent's lands located not to exceed one-half mile therefrom, the south lateral being three-quarters of a mile from respondent's lands at the nearest point, and that a ditch referred to as the Stegelmier ditch,

connecting with the south lateral and about a quarter of a mile in length, extending not to exceed one-half mile from respondent's lands, is not a part of the irrigation system of appellant and no water has been made available therefrom to respondent, who has had no notice or knowledge. that he might take water therefrom. It was concluded, in effect, that respondent had fully paid the amount due under his contract with appellant by virtue of the agreement between the parties that he should be liable only for so much of the amount thereof as it bore to the number of acres susceptible of irrigation from appellant's system without unreasonable or prohibitive cost to respondent, at the rate of $20 per acre.

■ The chief point urged by appellant on this appeal is that the trial court's findings are not supported by the evidence. As to the finding that of the 108.3 acres of respondent's lands lying below the north lateral of appellant's irrigation system, 20 acres thereof are not susceptible of irrigation from said north lateral, the trial court not only had the opportunity of weighing the conflicting testimony in regard thereto but also the advantage of viewing personally and inspecting the lands, ditches and canals, in company with counsel for both parties, and of thus obtaining firsthand knowledge of the situation. There is in the record substantial evidence to support this finding, founded upon the proposition that by reason of the uneven topography of the 20 acres in question the cost of conveying water thereto would be unreasonable and prohibitive, in conformity with the test laid down by this court in the opinion on the first appeal. The finding will not be disturbed.

■ ■ The burden was upon appellant to establish the number of acres of respondent's entry, if any, susceptible of irrigation from the south lateral. It had agreed to make a survey, but failed to do so. The failure of appellant to call the court's attention to the existence of the Stegelmier ditch as a means of conveying water from the south lateral when the court was viewing respondent's lands, and of withholding for rebuttal any evidence as to this claimed

source of supply is somewhat peculiar. Respondent did not have any notice or knowledge that water would be available to him through the Stegelmier ditch. The ditch was used by Stegelmier in which to run a small amount of water for stock use. Some of it had been plowed in. Appellant says the question is, Was the system constructed so that water could be delivered to this point? It is provided in contracts of the kind involved that the irrigation system shall be constructed so that water conducted through the same shall be available by putting the level of the water at a proper grade and at a point not to exceed one-half mile, measured in a direct line, from each quarter-section of the land. In *Collins v. Twin Falls etc. Water Co.*, 28 Ida. 1, 152 Pac. 200, it was held that *to make water available,* under the provisions of such a contract, *means to bring it to the half-mile point.* There is no showing of compliance with this requirement. Under the facts and circumstances surrounding this phase of the case, we cannot say the trial court was not justified in finding that no water had been made available to respondent by means of the south lateral. The other statements in the findings with reference to the Stegelmier ditch became immaterial.

The judgment is affirmed. Costs to respondent.

Givens, C. J., and Lee and Varian, JJ., concur.

Petition for rehearing denied.